UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **DOROTHY A. JOHNSON,**           ) | |
|                                    ) | |
|     **Plaintiff,**           ) | |
|                                    ) | |
|     vs.                     ) | No. 1:12-CV-00187SNLJ |
|                                    ) | |
| **ERIC E. SHINSEKI, Secretary,**   ) | |
| **Department of Veterans Affairs,** ) | |
|                                    ) | |
|     **Defendant.**          ) | |

## MEMORANDUM

Plaintiff filed her complaint *pro se* against defendant Eric Shinseki, who is the Secretary of plaintiff's employer, the Department of Veterans Affairs. Plaintiff alleges that her employer discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., on the basis of her sexual orientation, when it promoted someone else over her. Defendant filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded, and the time for doing so has passed.

**I.      Background**

For purposes of the motion to dismiss, the Court accepts as true plaintiff's allegations. Plaintiff was employed by the Veterans Affairs Medical Center in Poplar Bluff, Missouri. in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. She applied to be promoted to two positions in the same department (one in 2008 and one in 2010), and she was not selected. Plaintiff alleges that her application was "clearly superior" to the application of the individual who received the appointment. Plaintiff claims that she was not promoted because

she is a lesbian. Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and, following the EEOC's determination that plaintiff failed to establish a claim of discrimination under Title VII, she filed a timely complaint in this Court.

## II. Legal Standard

Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support her allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements

of a cause of action" will suffice.  *Twombly*, 550 U.S. at 555 (internal citations omitted).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

### III.   Discussion

Title VII provides that "[i]t shall be an unlawful employment practice ... to discriminate against any individual ... because of ... sex." 42 U.S.C. § 2000e 2(a)(1). Plaintiff claims she was discriminated against because of her sexual orientation.  Specifically, she alleges that she was not promoted because she is a lesbian.  But Title VII does not mention "sexual orientation," and the Eighth Circuit has held that "Title VII does not prohibit discrimination against homosexuals." *Williamson v. A.G. Edwards & Sons, Inc.*, 876 F.2d 69, 70 (8th Cir. 1989).  The *Williamson* decision was at least in part affected by the United States Supreme Court's decision in *Oncale*, in which that Court unanimously rejected a *per se* rule that same-sex sexual harassment was non-cognizable under Title VII.  *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998); *see also Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 n.3 (8th Cir. 1999) (reversing district court's dismissal of a same-sex harassment case in which the district court had relied on

*Williamson*, and observing that *Williamson* was a pre-*Oncale* case). However, *Oncale* did not change the requirement that plaintiffs demonstrate that the discrimination or harassment took place "because...of sex." *See Schmedding*, 187 F.3d at 865.

Few courts have addressed situations like plaintiff's, in which she alleges only that she was not promoted because of her sexual orientation. Plaintiff does not allege harassment of any kind, by any individual or group. Although the Eighth Circuit does not appear to have opined on the matter of whether *Oncale* suggests a different result from that required by *Williamson* under these circumstances, other Circuits have stated that *Oncale* did not change the "well-settled precedent that 'sex' refers to membership in a class delineated by gender." *Simonton v. Runyon*, 232 F.3d 33, 36 (2d Cir. 2000); *see also Bibby v. Phila. Coca-Cola Bottling Co.*, 260 F.3d 257 (3d Cir. 2001). Although there may be a Title VII claim in cases that involve same-sex harassment, "Title VII does not proscribe harassment simply because of sexual orientation." *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 259 (1st Cir. 1999) (citing *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 751-52 & n. 3 (4th Cir. 1996); *Williamson*, 876 F.2d at 70). Indeed, "Congress has repeatedly rejected legislation that would have extended Title VII to cover sexual orientation." *Bibby*, 260 F.3d 261 (citing, *e.g.*, Employment Nondiscrimination Act of 1996, S.2056, 104th Cong. (1996); Employment Non Discrimination Act of 1995, H.R. 1863, 104th Cong. (1995); Employment Non-Discrimination Act of 1994, H.R. 4636, 103d Cong. (1994)). It is thus clear that non-harassment, discrimination claims may not be made on the basis of sexual orientation, as well. *See Williamson*, 876 F.2d at 70; *see also Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006) ("sexual orientation is not a prohibited basis for discriminatory acts under Title VII").

As a result, because plaintiff is plainly making a Title VII claim on the basis of her sexual orientation, a characteristic not protected by Title VII, plaintiff's complaint must be dismissed.  A separate Order will be filed.

Dated this  13th  day of May, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE